ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSÉ M. GONZÁLEZ APONTE IDALÍS OCASIO LOZADA Apelado<br><br><br>v.<br><br><br>IRIS A. SANTANA BÁEZ Apelante | KLAN202400825 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2023CV03884<br><br>Sobre: Ley para la Reforma del Proceso de Permisos (Ley 161-2009) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 15 de octubre de 2024.

Comparece Iris A. Santana Báez, en adelante la señora Santana o apelante, y solicita que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Carolina, en adelante TPI.[1] Mediante dicho dictamen se declaró Ha Lugar la Demanda presentada por Idalís Ocasio Lozada y José M. González Aponte, en adelante los apelados, al amparo de la *Ley para la Reforma del Proceso de Permisos en Puerto Rico*.[2] A su vez, se ordenó la demolición de las obras construidas en la propiedad de la señora Santana.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

---

[1] La Sentencia fue registrada, notificada y archivada en autos el 1 de julio de 2024.
[2] Art. 14.1 de la Ley Núm. 161-2009 (23 LPRA sec. 9024).

Número Identificador

SEN2024_____

**-I-**

Los apelados presentaron una *Demanda* sobre *Injunction*, al amparo del Art. 14.1 de la Ley Núm. 161-2009.[3] Arguyeron que las construcciones que hizo la señora Santana en su residencia eran ilegales, ya que no contaba con un permiso de construcción. Ante ello, solicitaron la demolición de lo construido.[4]

En respuesta, la señora Santana presentó una *Solicitud de Desestimación* en la que alegó que el recurso presentado era frívolo y temerario, pues, posee una autorización del Municipio para la construcción de las obras en controversia.[5] También, aduce que el recurso presentado no está maduro, ya que aún está pendiente de resolver una solicitud de revisión que los apelados presentaron ante la División de Revisiones Apelativas del Departamento de Desarrollo Económico y Comercio, Oficina de Gerencia de Permisos, en adelante DRA. Alegaron además que el Art. 14.1 de la Ley Núm. 161-2009 solo aplica a casos de peligro grave, inminente o inmediato a la salud pública.

Oportunamente, los apelados presentaron su *Oposición a Solicitud de Desestimación*.[6] Sostuvieron que lo edificado por la señora Santana no cuenta con el correspondiente permiso de construcción, ya que este fue revocado. Expusieron que la apelante no solicitó revisión de esta determinación, por lo que la decisión advino final y firme. Ante ello, afirmaron que la *Solicitud de Desestimación* es improcedente.

---

[3] (23 LPRA sec. 9024).
[4] Apéndice de la apelante, págs. 1-4.
[5] *Id*., págs. 6-10.
[6] *Id*., págs. 69-72.

Tras varias incidencias procesales, los apelados presentaron una *Demanda Enmendada* para incluir al Municipio como parte demandada.[7]

Posteriormente, los apelados presentaron una *Moción Acompañando Determinación Revocando Resolución del Municipio de Carolina*.[8] En esta, informaron que la DRA declaró ha lugar el *Recurso de Revisión* sometido por estos y, en consecuencia, dejó sin efecto la consulta de construcción número 2020-316968-CCO-008373.[9]

Ante el cuestionamiento sobre la jurisdicción del TPI para resolver la controversia, el foro de instancia dictó una *Resolución* en la que se declaró con jurisdicción y ordenó la continuación de los procedimientos de forma ordinaria.[10]

Finalmente, el TPI emitió *Sentencia* en la que consignó las siguientes determinaciones de hechos:

1. Los demandantes tienen ubicada su propiedad en la Urb. Parque de Isla Verde, 221 Calle Grús, Carolina, Puerto Rico.

2. La demandada Santana tiene ubicada su propiedad en la Urb. Parque de Isla Verde, 220 Calle Grús, Carolina, Puerto Rico. Su propiedad colinda con la propiedad de los demandantes.

3. La señora Santana construyó una marquesina en el patio lateral derecho, una escalera para acceso al techo en el patio lateral derecho y llevó a cabo unas ampliaciones hacia el patio delantero, derecho y hacia el patio posterior en su residencia, sita en la Urb. Parque de Isla Verde, 220 Calle Grús, Carolina, Puerto Rico.

4. El Municipio emitió una Autorización a favor de la señora Santana en la que autorizó las construcciones realizadas por la señora Santana.

5. Dicha determinación fue cuestionada por los demandantes ante la División de Revisiones, foro que revocó la misma. Dicha determinación advino final y firme.

6. El Municipio también emitió un permiso de construcción a favor de la señora Santana.

---

[7] *Id.*, págs. 93-97.
[8] *Id.*, págs. 102-103.
[9] *Id.*, págs. 116-117.
[10] *Id.*, pág. 187.

7. Dicho permiso fue cuestionado por los demandantes ante la División de Revisiones, foro que revocó el mismo. Dicha determinación también advino final y firme.

8. No existe procedimiento administrativo alguno que esté pendiente de consideración sobre la construcción realizada por la señora Santana en su propiedad.

9. Las obras construidas por la señora Santana son ilegales, toda vez que no cuentan con un permiso de construcción.

10. A pesar de que la señora Santana no cuenta con permiso alguno para la construcción realizada en su propiedad, continúa alegando que no procede que se conceda el remedio solicitado por los demandantes. Tal actuación denota temeridad.

En consideración a lo anterior, el TPI declaró No Ha Lugar la *Solicitud de Desestimación* que presentó la señora Santana. En consecuencia, declaró Ha Lugar la *Demanda* y ordenó la demolición de la marquesina, construida en el patio lateral derecho, las ampliaciones hacia el patio delantero y hacia el patio posterior de la residencia y cualquier otra construcción llevada a cabo sin permiso.

En desacuerdo, la señora Santana presentó una solicitud de reconsideración, que fue declarada no ha lugar.[11]

Aún inconforme, la apelante acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE LA APELANTE PARA LA DESESTIMACIÓN DE LA DEMANDA, DECLARAR HA LUGAR LA DEMANDA Y ORDENAR LA DEMOLICIÓN DE LAS OBRAS CUYA LEGALIZACIÓN SE SOLICITÓ, A PESAR DE QUE EL TRÁMITE ADMINISTRATIVO ANTE EL MUNICIPIO DE CAROLINA NO HA CONCLUIDO DEBIDO A QUE LOS DEFECTOS EN LA NOTIFICACIÓN A LAS PARTES INTERESADAS DE LA SOLICITUD DE CONSULTA DE CONSTRUCCIÓN, QUE AUTORIZABA VARIACIONES EN LOS PARÁMETROS DE CONSTRUCCIÓN, NO SURTIÓ EFECTO LEGAL ALGUNO, SEGÚN DETERMINADO POR LA DIVISIÓN DE REVISIONES ADMINISTRATIVAS DE LA OFICINA DE GERENCIA Y PERMISOS. POR TAL RAZÓN, LA DECISIÓN DEL MUNICIPIO AUTÓNOMO DE CAROLINA NO PUEDE SER CONSIDERADA COMO UNA DETERMINACIÓN FINAL Y FIRME Y, EN CONSECUENCIA, LA ACCIÓN JUDICIAL CARECE DE MADUREZ YA QUE CORRESPONDÍA AL FORO ADMINISTRATIVO CONCLUIR LOS PROCEDIMIENTOS MEDIANTE LOS MECANISMOS DISPUESTOS EN LEY.

---

[11] *Id.*, págs. 220-227.

INCIDIÓ EL FORO DE INSTANCIA AL DETERMINAR QUE LA APELANTE ACTUÓ CON TEMERIDAD AL DEFENDERSE DE LA DEMANDA INSTADA EN SU CONTRA.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[12] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando su desestimación.[13] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> … (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.[14]

"[A]l resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifica la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan

---

[12] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).
[13] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.
[14] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

sido aseverados de manera clara y concluyente".[15] A su vez, los hechos bien alegados, deberán ser considerados de la forma más favorable a la parte demandante.[16] Así pues, se puede solicitar la desestimación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[17]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[18] Específicamente, deberá evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida".[19] De modo, que para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[20]

**B.**

La Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009,[21] derogó la Ley Orgánica de la Administración de Reglamentos y Permisos, Ley Núm. 76 de 24 de junio de 1975, según

---

[15] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, __ DPR __ (2024).
[16] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 211 DPR 70, 84 (2023).
[17] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).
[18] Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).
[19] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, *supra*.
[20] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).
[21] 23 LPRA secs. 9011 *et seq.*

enmendada,[22] y enmendó otros artículos relacionados a la creación de reglamentos y concesión de permisos de las leyes de Puerto Rico. Dicha ley tiene como objetivo transformar el sistema de permisos de Puerto Rico de modo que el mismo sea más transparente, ágil, confiable y eficiente.[23]

Mediante la referida legislación se creó la Oficina de Gerencia de Permisos, en adelante OGPe, entidad encargada de la evaluación, concesión o denegación de determinaciones finales y permisos relativos al desarrollo y el uso de terrenos, así como de las consultas de ubicación.[24]

Asimismo, se estableció la Junta Revisora para que fungiera como un foro colegiado, especializado e independiente en la revisión y adjudicación de las determinaciones finales provenientes de la Junta Adjudicativa,[25] del profesional autorizado,[26] los municipios autónomos con jerarquía de la I a la V[27] y la OGPe[28].

En lo aquí pertinente, el Artículo 14.1 de la Ley Núm. 161-2009 dispone lo siguiente:

> Recursos Extraordinarios para Solicitar Revocación de Permisos, Paralización de Obras o Usos No Autorizados, Demolición de Obras.

---

[22] 23 LPRA secs. 71 y ss.
[23] 23 LPRA secs. 9011 nota; *Cordero et al. v. ARPe et al.*, 187 DPR 445, 458 (2012).
[24] Arts. 2.1 y 2.5, 23 LPRA secs. 9012 y 9012d.
[25] La Junta Adjudicativa de la OGPe es un organismo adscrito a dicha Oficina responsable de evaluar y adjudicar determinaciones finales y permisos de carácter discrecional. Art. 6.1, 23 LPRA sec. 9016.
[26] Los profesionales autorizados son agrimensores, agrónomos, arquitectos, geólogos, ingenieros y planificadores, encargados de evaluar o expedir permisos ministeriales, en cumplimiento con las disposiciones de la Ley Núm. 161-2009 y con cualquier otra disposición legal aplicable. Art. 4, 23 LPRA sec. 9017.
[27] Se refiere a aquellos municipios que obtuvieron la transferencia de facultades de la Junta de Planificación y de la ARPe sobre la ordenación territorial, incluyendo querellas, autorizaciones y permisos, según el Artículo 13.012 de la Ley Núm. 81-1991, según enmendada, conocida como Ley de Municipios Autónomos, 21 LPRA sec. 4610.
[28] Art. 11.1, 23 LPRA sec. 9021.

La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, una Entidad Gubernamental Concernida que haya determinado que sus leyes y reglamentos han sido violados, o cualquier persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado [o] de una construcción autorizada mediante permiso, para la cual no se hayan realizado los pagos correspondientes a aranceles, pólizas, arbitrios y sellos; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.[29]

## -III-

Para la apelante, la DRA resolvió que la notificación de la consulta de construcción era defectuosa, por lo cual el permiso de construcción no surtió efecto alguno. Por ello, el procedimiento administrativo no ha terminado y la intervención judicial resulta inapropiada. A su entender, corresponde devolver el caso al Departamento de Permisos Urbanísticos del Municipio de Carolina para la continuación de los procedimientos.

En cambio, los apelados entienden que el trámite administrativo culminó. Ello obedece a que impugnaron el permiso de construcción ante la DRA y este órgano administrativo lo revocó. Inconforme, la señora Santana solicitó revisión judicial y esta fue desestimada por el Tribunal de Apelaciones por falta de jurisdicción. Finalmente, la apelante no solicitó la revisión de la decisión adversa ante el Tribunal Supremo de Puerto Rico, por lo cual la resolución que

---

[29] 23 LPRA sec. 9024.

declara que la señora Santana no tiene permiso es final y firme.

A los efectos del resultado alcanzado, basta atender el primer señalamiento de error.

Surge de nuestro análisis integral del expediente, que el 10 de agosto de 2023 el Municipio de Carolina autorizó el permiso de construcción para las obras de la señora Santana. En desacuerdo, los apelados solicitaron su revisión ante la DRA y **luego de celebrar vista administrativa, formular determinaciones de hecho y conclusiones de derecho**, aquella dejó sin efecto la consulta de construcción número 2020-316968-CCO-008373.[30]

Inconforme con esa resolución **final** de la DRA, la apelante solicitó su revisión ante el Tribunal de Apelaciones. Este último, en virtud del recurso KLRA202400039, desestimó la revisión administrativa por falta de jurisdicción.[31] A su vez, esta sentencia no fue impugnada ante nuestra más alta superioridad, por lo cual la determinación de hecho a los efectos de que la señora Santana construyó unas obras en su residencia sin tener permiso para hacerlo, es final y firme.

A la luz de lo anterior, no incidió el foro recurrido al ordenar la demolición de las obras, porque, según dispone el Art. 14.1 de la Ley Núm. 161-2009, el permiso de construcción fue revocado.

---

[30] Apéndice de la apelante, págs. 104-118.
[31] *Id.*, págs. 134-142.

**-IV-**

Por los fundamentos previamente expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones